**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

STEPHEN ODEDOYIN,

Plaintiff,

v.

FFG92 LLC and CLYMER,
MUSSER, & SARNO, PC,

Defendants.

CIVIL NO. 1:25-CV-02161

(Magistrate Judge Latella)

**REPORT AND RECOMMENDATION**

*Pro se* Plaintiff Stephen Odedoyin commenced this action against

"FFG92 LLC - Clymer, Musser, & Sarno, PC" on November 14, 2025

seeking to file a Complaint under "Civil Law Suit of Identity Theft and

Fraud." (Doc. 1).  The Complaint, set forth in narrative form,

established no basis for federal jurisdiction and did not state a

cognizable cause of action.  Indeed, it did not contain any concrete

allegations against the named Defendants.   As best can be gleaned

from Plaintiff's narrative and the documents that he filed along with his

Complaint, he fell behind on his mortgage payments because of an

accident, his mortgage was sold to another mortgage company that

1

foreclosed on his home and an entity called FFG92 LLC obtained the property and initiated an ejectment action where it was represented by Clymer, Musser, & Sarno, PC.  Plaintiff alleged he was the victim of fraud in the process.  Because the Complaint stated no basis for the Court's jurisdiction and stated no cognizable claims and did not comport with the most basic pleading requirement of the Federal Rules, a screening Order was issued on December 1, 2025, offering Plaintiff pleading guidance and giving him the opportunity to file an amended complaint.  Plaintiff failed to file an amended complaint.  For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring *sua sponte* dismissal of actions which are "(i) frivolous or malicious; (ii) fail[] to state a claim upon which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief.").

## I.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiff commenced this civil action using the Court's standard *pro se* form on November 14, 2025.  (Doc. 1).  He identified himself as a resident of York County, Pennsylvania and the Defendants as residents of Lancaster, Pennsylvania.  (Doc. 1, p.1, ¶¶1 & 2).  In the section

stating "wishes to file a complaint under," Plaintiff stated: "Civil Law Suit of Identity Theft and Fraud." (*Id*. at ¶ 1).  Plaintiff filed his Complaint along with an application to proceed *in forma pauperis* (IFP). (Doc. 2).  On December 1, 2025, Plaintiff's application to proceed IFP was granted, however, service of the Complaint was held in abeyance pending the Court's screening obligation under 28 U.S.C. § 1915(e)(2). (Doc. 6).  Because the Complaint did not comport with even the most minimal pleading requirements of the Federal Rules, did not set forth a basis for jurisdiction and failed to state a cognizable claim, the Plaintiff was given pleading guidance and an opportunity to amend his complaint.  (*Id*.).   Plaintiff failed to file an amended complaint.

Plaintiff's Complaint contains a narrative regarding the sad loss of his home.  He indicates that he lived at the same residence for over twenty years.  (Doc. 1, p. 2).  Three years ago, he was involved in a "terrible accident" that almost caused him to be paralyzed.  (*Id*).  The Complaint is a bit difficult to follow, but it appears that he fell behind on his mortgage payments, he received assistance from the State and was ultimately able to start working again.  (*Id*.).  His mortgage was sold to another company that foreclosed on his home, even though he

had over $150,000 in equity in it. (*Id.*). Plaintiff attached a 57-page exhibit to his Complaint that contains *inter alia*, pleadings from an ejection action against him in York County. (Doc. 1-2). The Plaintiff in that action is "FFG92 LLC" which was represented by the law firm Clymer, Musser, & Sarno, PC.

Plaintiff states in his Complaint that he "wishes to file a civil law suit of identity theft and fraud" and that "I will like and pray if the Judge in his infinite mercy could look at the case involving criminal consent & fraud by my mortgage company." (Doc. 1, at pp. 1-2). While the Complaint recounts very unfortunate and sad events, it does not state a cognizable federal claim and there appears to be no basis for this Court's jurisdiction.

## II. LEGAL STANDARD

### A. Preliminary Screening

Because Plaintiff is proceeding *in forma pauperis*, the Court is required to conduct a preliminary review of the Complaint. *See* 28 U.S.C. § 1915(e)(2)(B) (requiring *sua sponte* dismissal of actions which are "(i) frivolous or malicious; (ii) fail[] to state a claim upon which relief

may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief.").

In considering whether a complaint states a claim upon which relief can be granted, the Court employs the same standard applicable to motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations do not suffice. *Id.* If the case fails to state a claim, the screening may result in dismissal.

## B. Standard Applicable in Deciding a 12(b)(6) Motion

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This means that a complaint may be dismissed if it does not present sufficient facts to support a plausible claim: "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the

plaintiff, a court finds that plaintiff's claims lack facial plausibility."
*Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The court must accept both the Plaintiff's allegations and any
reasonable inferences that can be drawn as true and construe them in
the light most favorable to the non-moving party. *Monroe v. Beard*, 536
F.3d 198, 205 (3d Cir. 2008). However, it need not accept "'unsupported
conclusions and unwarranted inferences, or a legal conclusion couched
as a factual allegation.'" *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir.
2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).
Reciting the elements that make up a cause of action and supporting
them with "mere conclusory statements" is insufficient to give those
statements the presumption of truth. *McNeilly v. City of Pittsburgh*, 40
F. Supp. 3d 643, 650 (W.D. Pa. 2014) (citing *Iqbal*, 556 U.S. at 678, 129
S. Ct. 1937).

When faced with a motion to dismiss pursuant to 12(b)(6), a court
should conduct a two-part analysis: 1) separate the factual and legal
elements of a claim; and 2) "determine whether the facts alleged in the
complaint are sufficient to show that the plaintiff has a plausible claim

for relief." *Id.* (internal citation removed). The court may consider facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellab, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). This analysis requires the court to look at the claims on a case-by-case basis and rely both "on its judicial experience and common sense." *McNeilly*, 40 F. Supp. 3d at 650. The court will not be reaching legal conclusions, but instead is merely determining "whether the plaintiff should be permitted to offer evidence in support of the allegations." *Id.* (citing *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000)).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the requirements for complaints and provides that:

> (a)    A pleading that states a claim for relief must contain:
>
> > (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.  Indeed, Fed. R. Civ. P. 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citing *Twombly*, 550 U.S. at 545).

The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed.  *See Erickson*, 551 U.S. at 94; *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011).  Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the

defendant is liable for the misconduct alleged.'" *Jackson v. Div. of Developmental Disabilities,* 394 F. App'x 950, 951 n. 3 (3d Cir. 2010) (per curiam) (nonprecedential) (quoted case omitted). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office,* 769 F.3d 850, 861 (3d Cir. 2014).

## III.  DISCUSSION

### A. Jurisdiction

The first basic mandate of Federal Rule of Civil Procedure 8 is that "[a] pleading that states a claim for relief must contain… a short and plain statement of the grounds for the court's jurisdiction." Fed.R.Civ.P.8(a)(1).  Plaintiff's narrative Complaint fails to state a basis for this Court's jurisdiction.  Despite having been advised of this and having been requested to file an amended complaint addressing this basic deficiency, Plaintiff has failed to explain why he invokes the Court's jurisdiction.

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v.*

9

*Y&H Corp.*, 546 U.S. 500, 513 (2006). A Plaintiff invokes jurisdiction under Section 1331 when he or she pleads a colorable claim "arising under" the Constitution or laws of the United States. *Id.* A plaintiff may invoke jurisdiction pursuant to Section 1332 if he or she "presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.* Plaintiff's claims do not appear to satisfy the requirements of Section 1331 or Section 1332. Plaintiff does not indicate that he is bringing a claim under any provision of the Constitution, laws or treaties of the United States. (See Doc. 1). Further, pursuant to the addresses listed by Plaintiff, both he and Defendant are residents of the same state, Pennsylvania. (See Doc. 1 at 1).

It appears as though Plaintiff is seeking to bring a civil action based upon criminal statutes. (See Doc. 1 at 1) (indicating that Plaintiff "wishes to file a civil law suit of identity theft and fraud"); (see also Doc. 1 at 2) ("I will like and pray if the Judge in his infinite mercy could look at the case involving criminal consent & fraud by my mortgage company"). Criminal statutes, however, do not generally provide for a private cause of action. *See Graf v. United States Army*, No. 1:23-cv-

02133, 2024 WL 579086 (M.D. Pa. Jan. 9, 2024) ("Courts have time and time again found that criminal statutes do not create private causes of action."); see also *Davis v. Warden Lewisburg USP*, 594 F. App'x 60, 61 n.3 (3d Cir. 2015).

Because Plaintiff's Complaint provides the Court with no basis for jurisdiction, it should be dismissed without prejudice.

## IV.    LEAVE TO AMEND

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). In this case, Plaintiff has already been given an opportunity to amend. Because Plaintiff's only claim appears to be a request for a criminal investigation of enforcement of criminal statutes, it is clear that further amendment would be futile. However, because the dismissal would be for lack of jurisdiction, it should be without prejudice. *See New Jersey Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) ("the District Court's dismissal for lack of subject matter jurisdiction [is] by definition without prejudice.");

11

*Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172,182 (3d Cir. 1999) (agreeing that "a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered without prejudice.").

## V.    Recommendation

Based on the foregoing, it is respectfully recommended that this matter be dismissed without prejudice.

Dated: May 18, 2026                    **/s/ Leo A. Latella**
                                       Leo A. Latella
                                       United States Magistrate Judge

12

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN ODEDOYIN,

      Plaintiff,

    v.

FFG92 LLC and CLYMER,
MUSSER, & SARNO, PC,

      Defendants.

CIVIL NO. 1:25-CV-02162

(Magistrate Judge Latella)

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered

the foregoing **Report and Recommendation** dated **May 18, 2026**.

Any party may obtain a review of the Report and Recommendation

pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's
> proposed findings, recommendations or report
> addressing a motion or matter described in 28
> U.S.C. § 636(b)(1)(B) or making a
> recommendation for the disposition of a prisoner
> case or a habeas corpus petition within fourteen
> (14) days after being served with a copy thereof.
> Such party shall file with the clerk of court, and
> serve on the magistrate judge and all parties,
> written objections which shall specifically identify
> the portions of the proposed findings,
> recommendations or report to which objection is
> made and the basis for such objections.  The

13

briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: May 18, 2026**          *s/ Leo A. Latella*
                                 **LEO A. LATELLA**
                                 **United States Magistrate Judge**

14