**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEPHEN ODEDOYIN, | : | |
| Plaintiff | : | No. 1:25-cv-02161 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| | : | (Magistrate Judge Latella) |
| FFG92 LLC and CLYMER, MUSSER, | : | |
| & SARNO, PC | : | |
| Defendants | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Before the Court in the above-captioned action is the May 18, 2026 Report and

Recommendation of Magistrate Judge Latella (Doc. No. 10), recommending that the Court

dismiss Plaintiff Stephen Odedoyin ("Plaintiff")'s complaint (Doc. No. 1) against Defendants

FFG92 LLC and Clymer, Musser, & Sarno, PC ("Defendants") upon a statutorily mandated

screening review pursuant to 28 U.S.C. § 1915(e)(2)(B) because the complaint fails to establish a

basis for federal jurisdiction and fails to state a cognizable claim, containing no "concrete

allegations against the named Defendants." (Doc. No. 10 at 1.)[1]  Magistrate Judge Latella

notes that he previously issued an Order (Doc. No. 6) informing Plaintiff of the deficiencies of

his complaint and providing him the opportunity to file an amended complaint to attempt to cure

the complaint's shortcomings (Doc. No. 10 at 2).  However, Plaintiff having failed to file an

amended complaint, Magistrate Judge Latella recommends that the Court dismiss Plaintiff's

---

[1]  Magistrate Judge Latella states that "[a]s best can be gleaned from Plaintiff's narrative and the documents that he filed along with his [c]omplaint, he fell behind on his mortgage payments because of an accident, his mortgage was sold to another mortgage company that foreclosed on his home and an entity called FFG92 obtained the property and initiated an ejectment action where it was represented by Clymer, Musser, & Sarno, PC" and "Plaintiff allege[s] he was the victim of fraud in the process." (Doc. No. 10 at 1–2.)

complaint without prejudice for failure to allege a basis for this Court's jurisdiction.   (Doc. No. 10 at 2, 9–11.)

On June 1, 2026, Plaintiff filed a letter with the Court (Doc. No. 11), which the Court construes as an objection to the pending Report and Recommendation.   In his letter, Plaintiff first states that "an amended case was filed which was mailed directly to the Judge"; however, the Court's review of the docket of this case reveals no evidence of the filing of an "amended case" or amended complaint.   (Id. at 1.)   Plaintiff also reiterates allegations to the effect that he was defrauded in connection with the foreclosure of his home.   (Id. at 1, 3.)

The Court will overrule Plaintiff's objection and adopt Magistrate Judge Latella's Report and Recommendation in its entirety.   In his objection, Plaintiff makes vague allegations about the circumstances surrounding the sale of his home but does not call into question Magistrate Judge Latella's conclusion that Plaintiff's complaint fails to state a cognizable claim under this Court's jurisdiction.   Further, despite Plaintiff's statement that he filed an "amended case," no amended complaint appears on the docket of this case.

**AND SO**, on this 11th day of June 2026, upon independent review of the record and the applicable law, **IT IS ORDERED THAT**:

1.    The Court **ADOPTS** the Report and Recommendation (Doc. No. 10) of Magistrate Judge Latella;

2.    Plaintiff's letter (Doc. No. 11) construed as an objection to the Report and Recommendation, is **OVERRULED**;

3.    Plaintiff's complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**; and

4.      The Clerk of Court is directed to **CLOSE** this case.

 s/ Yvette Kane

Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
